# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 23, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANNETTE ELLISON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0834** (BOR Appeal No. 2050223)
                    (Claim No. 2013003363)

**JAN-CARE AMBULANCE SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Annette Ellison, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jan-Care Ambulance Service, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board affirmed a February 3, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 6, 2013, decision denying a request to add L5-S1 disc bulge to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ellison, an emergency medical technician, was injured in the course of her employment on July 18, 2012, when she was involved in a motor vehicle accident. Treatment notes from Carilion Clinic that day indicate that x-rays of the chest, left leg, pelvis, left ankle, and cervical spine were normal. X-ray of the thoracic spine showed no fractures, slight compression of T12, mild spondylosis at various levels, and foraminal stenosis. The claims administrator held the claim compensable for neck sprain, lumbar sprain, thoracic sprain, and contusion of the lower leg.

1

On July 25, 2012, Ms. Ellison was treated by Christopher Grose, D.C., for a calf contusion, neck sprain, thoracic sprain, lumbar sprain, and sacrum sprain. Dr. Grose noted that her gait indicated she was in pain and her calf was swollen and bruised. He recommended she see an orthopedist. Ms. Ellison's treating physician, Edward McCormick, D.C., treated her for mid to low back pain with tingling and numbness in both legs and into the abdomen. He opined on August 10, 2012, that a thoracic and lumbar MRI was necessary before she could return to work. The MRI showed a disc bulge at L5-S1 with no stenosis or definite herniation. Ms. Ellison was then treated by William LaCost, D.O. He noted that the MRI showed a mild disc bulge at L5-S1 and diagnosed radiculopathy from the disc to the left leg.

Joseph Grady, M.D., performed an independent medical evaluation on October 24, 2012, in which he noted that Ms. Ellison's chief complaint was back and left leg pain. She reported that she was unrestrained in the back of an ambulance when it struck a tractor trailer. She was standing at the time and fell down. Dr. Grady diagnosed chronic lumbosacral strain, rule out radiculopathy; thoracic strain, resolved neck sprain; and resolved left leg contusion with some residual left calf fibrosis. She was not yet at maximum medical improvement and was scheduled for an EMG and follow up at The Spine Center. The EMG revealed abnormal findings and evidence of a left peroneal neuropathy on November 8, 2012.

On January 16, 2013, Ms. Ellison was treated by John Schmidt, M.D. He diagnosed lumbar spondylosis, lumbar radiculopathy, and lumbosacral strain. He opined that Ms. Ellison had a now chronic musculoskeletal back strain superimposed on a degree of degenerative spondylitic arthropathy. He recommended she visit with pain management because he did not see evidence of a surgically remedial problem. He also recommended physical therapy. On August 20, 2013, Dr. McCormick requested that the L5-S1 disc bulge be added to the claim.

An independent medical evaluation was performed by Saghir Mir, M.D., on October 14, 2013. Dr. Mir noted that Ms. Ellison had generalized range of motion limitations in the cervical, thoracic, and lumbar spine. The most significant tenderness was in the T12 area. He diagnosed resolving cervical strain, thoracic strain with probable compression fracture of the T12 vertebra, lumbosacral strain superimposed on a degenerative bulging disc at L5-S1, blunt trauma of the left leg and calf area with probable injury to the peroneal nerve, and a sprained left ankle. She had reached maximum medical improvement and required no further treatment. He assessed 19% combined impairment representing 5% for each condition.

In a November 4, 2013, physician review, Rebecca Thaxton, M.D., was asked to comment on the addition of L5-S1 disc bulge to the claim as well as Dr. Mir's impairment recommendation. She found that the L5-S1 disc bulge should not be added to the claim. According to reports by Dr. Mir and Dr. Schmidt, the MRI findings were degenerative in nature. She found that West Virginia Code of State Rules § 85-20-21 (2006), regarding pre-existing degenerative conditions, applies in this case. Dr. Thaxton opined that the medical records do not support disc herniation as a compensable component of the claim. She also found that Dr. Mir correctly calculated his impairment rating, and his assessment was supported by his independent medical evaluation findings.

The StreetSelect Grievance Board reviewed the request to add L5-S1 disc bulge to the claim and determined on December 4, 2013, that the condition should not be held compensable. It found that Ms. Ellison was determined to be at maximum medical improvement by Dr. Grady. She was also evaluated by a neurosurgeon who found no evidence of neurological compromise but did identify degenerative changes as the primary problem. Lastly, the Grievance Board determined that Dr. Mir found no evidence to support a diagnosis of disc herniation in his independent medical evaluation. The claims administrator denied the request to add L5-S1 disc bulge to the claim on December 6, 2013.

On May 7, 2014, Prasadarao Mukkamala, M.D., performed a record review in which he concluded that the L5-S1 disc bulge was not a work-related condition. He found that the bulge was an incidental finding, was age-related, and was naturally occurring. It is not causally related to the claim. He further opined that the disc bulge is non-specific and clinically non-significant because there was no nerve root compromise.

The Office of Judges affirmed the claims administrator's decision on February 3, 2015. It found that while the medical records show Ms. Ellison has a disc bulge at L5-S1, a preponderance of the evidence demonstrations the bulge is not the result of the compensable injury. Dr. Schmidt determined that she has a chronic musculoskeletal mechanical back strain superimposed on a degree of degenerative spondylitic arthropathy. In his evaluation, Dr. Mir also found a lumbar strain superimposed on a degenerative L5-S1 disc bulge. In her physician review, Dr. Thaxton recommended the diagnosis not be added to the claim. She stated that Dr. Schmidt's findings on imaging were degenerative without nerve root impingement. The Office of Judges further found that the StreetSelect Grievance Board also reviewed the evidence and recommended L5-S1 disc bulge not be added to the claim. It determined that Dr. Mukkamala stated in his medical record review that the disc bulge is an incidental finding that is age-related, naturally occurring, and non-compensable. Given the medical evidence, the Office of Judges held that Dr. McCormick's diagnosis update, in which he requested that L5-S1 disc bulge be added to the claim, was unpersuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 29, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The evidence clearly shows that while Ms. Ellison has an L5-S1 disc bulge, it is not the result of the compensable injury. A lumbar MRI taken one month after the injury showed degenerative changes. Additionally, multiple persuasive reports of record establish that the disc bulge is not the result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: August 23, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II